IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-95-BO

VIRGINIUS R. PHIPPS,                        )
      Plaintiff,                          )
                                             )
      v.                                  )                ORDER
                                             )
BENJAMIN L. GRADY; DALE                     )
FAIRCLOTH, individually and in his          )
official capacity; STRATTON F. STOKES, )
individually and in his official capacity; C.L.)
JOHNSON, individually and in his official   )
capacity; BLAKE WALLACE, individually )
and in his official capacity as the SHERIFF )
OF DUPLIN COUNTY, NORTH                     )
CAROLINA; THE DUPLIN COUNTY                 )
NORTH CAROLINA SHERIFF'S OFFICE;)
and DUPLIN COUNTY NORTH                     )
CAROLINA,                                   )
      Defendants.                         )

This cause comes before the Court on two motions to dismiss by defendants and

plaintiff's motion to dismiss this action without prejudice pursuant to Rule 41(a)(2) of the

Federal Rules of Civil Procedure. Plaintiff contends that he was unable to obtain valid service of

process on several defendants and wishes to cure that defect by dismissing this suit and refiling

within the appropriate time and statute of limitations. Because defendant Grady has filed an

answer to plaintiff's complaint [DE 19], plaintiff may not voluntarily dismiss this action without

an order of the Court. Fed. R. Civ. P. 41(a)(1)(A)(i).

A plaintiff's motion to dismiss under Rule 41(a)(2) "should not be denied absent

substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir.

1986). In deciding whether to allow a plaintiff's motion to dismiss under Rule 41(a)(2), the

Court considers several factors including the opposing party's effort and expense in preparing for trial, whether there is sufficient explanation for the need of the dismissal, and the present stage of the litigation. *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996).

As this matter is in the early stages of proceeding, the opposing parties would not have expended effort or expense in preparing for trial, and plaintiff has provided a sufficient explanation of the need for dismissal, the Court finds no substantial prejudice to defendants and thus GRANTS plaintiff's motion to dismiss this action without prejudice. [DE 22]. The clerk is DIRECTED to enter judgment accordingly.

SO ORDERED, this **14** day of May, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2